IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RADLEY BRADFORD, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOLDMAN SACHS BANK USA,<br><br>Defendant. | Case No. 4:21-cv-00586 |

**JOINT DISCOVERY/CASE MANAGEMENT
PLAN UNDER RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Fed. R. Civ. P. 26(f) and the Court's February 25, 2021 Order for Conference and Disclosure of Interested Parties [Doc. #6], the parties jointly submit the following Discovery/Case Management Plan:

1. **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

   **Date of Conference:** June 2, 2021

   **For Plaintiff:**

   Mohammed O. Badwan
   SULAIMAN LAW GROUP, LTD.
   2500 South Highland Avenue
   Suite 200
   Lombard, IL 60148
   Phone: (630) 575-8180
   Fax: (630)575-8188
   mbadwan@sulaimanlaw.com

   **For Defendant:**

   Brian C. Frontino
   Stroock Stroock Lavan LLP
   200 South Biscayne Boulevard, Suite 3100
   Miami, Florida 33131

1

Phone: (305) 358-9900
Fax: (305) 789-9302
bfrontino@stroock.com

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Briefly describe what this case is about.**

   **Plaintiff:** Plaintiff brought this putative class action seeking redress for Defendant's alleged violations of the Fair Credit Report Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Plaintiff contends that Defendant obtained Plaintiff's credit report without Plaintiff's consent or authorization, and without a permissible purpose prescribed by the FCRA. Specifically, Plaintiff contends that Defendant procured Plaintiff's credit reports from the credit reporting agencies Innovis and TransUnionby falsely representing to Innovis and Trans Union that Plaintiff applied for a loan from Defendant or that Plaintiff had a current business relationship with Defendant.

   **Defendant:** Defendant denies the allegations in Plaintiff's Complaint and denies that it engaged in any wrong or unlawful conduct whatsoever. To the extent Defendant procured Plaintiff's credit report from Innovis and/or TransUnion, Plaintiff consented to Defendant doing so when he applied for and/or sought information in connection with personal loan(s) through third parties, including Credit Karma.

4. **Specify the allegation of federal jurisdiction**

   The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5. **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

   Defendant does not dispute jurisdiction for purposes of this action only, but contends that Plaintiff's dispute may be subject to a binding arbitration agreement and expressly reserves its right to compel the same.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None at this time.

7. **List anticipated interventions:**

   None.

8. **Describe class action issues:**

   **Plaintiff:** Plaintiff has brought putative class claims against Defendant for violations of the FCRA. The putative class is defined as follows:

   > All persons within the United States (1) that had their consumer credit report(s) obtained by Defendant; (2) within the five (5) years preceding the date of the original complaint through the date of class certification; (3) from Innovis and/or TransUnion; (4) that were not existing customers of Defendant; (5) that did not seek a line of credit from Defendant; and (6) that did not receive a firm offer of credit from Defendant.

   **Defendant:** Defendant denies that this action is appropriate for class treatment.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties have yet to make their initial disclosures and have agreed to do so by June 18, 2021.

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic discovery;**

    June 25, 2021.

    B. **When and to whom the plaintiff anticipates it may send interrogatories:**

    Plaintiff anticipates that he will issue interrogatories to Defendant on or before August 13, 2021.

    C. **When and to whom the defendant anticipates it may send interrogatories:**

    Defendant anticipates that it will serve interrogatories, requests for production and requests for admission on Plaintiff on or before August 13, 2021.

**D.** **Of whom and by when the plaintiff anticipates taking oral depositions:**

Plaintiff anticipates that he will take Defendant's Rule 30(b)(6) oral deposition on or before October 15, 2021.

**E.** **Of whom and by when the defendant anticipates taking oral depositions:**

Defendant anticipates that it will take Plaintiff's deposition on or before October 29, 2021.

**F.** **(i) the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party;**
**(ii) the date experts for defendant will be designated and their reports provided to opposing party;**

(i) Plaintiff does not anticipate on retaining an expert.

(ii) Defendant does not presently anticipate retaining an expert.

**G.** **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report):**

None at this time.

**H.** **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report):**

None at this time.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party:**

N/A.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date:**

The parties have engaged in informal discovery as part of ongoing settlement discussions.

**13. State the date the planned discovery can reasonably be completed:**

March 14, 2022.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting:**

The parties have been engaged in merits-based discussions and intend on exploring settlement in the near future.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution:**

The parties have been exchanging documents and information informally and have been working cooperatively in an effort to resolve the factual issues.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties believe that private mediation may be helpful and are amenable to participating in mediation after the completion of written discovery.

**17. Magistrate judges may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not unanimously agree to a trial before a magistrate judge.

**18. State whether a jury demand has been made and if it was made on time:**

Plaintiff has made a timely jury demand.

**19. Specify the number of hours it will take to present evidence in this case.**

It will take approximately sixteen (16) hours to present the evidence in this case.

**20. List pending motions that could be ruled on at the initial pretrial conference:**

None.

**21. List other motions pending:**

None at this time.

**22. Indicate other matter peculiar to this case, including discovery, that deserve the special attention of the Court at the conference:**

None.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

The parties will file their respective Disclosure of Interested Parties by June 11, 2021.

24. **List the names, bar numbers, addresses, and telephone numbers of *all* counsel.**

**For Plaintiff**:

Mohammed O. Badwan (Illinois Bar No. 6299011)
Victor T. Metroff (Illinois Bar No. 6331442)
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com

**For Defendant**:

Brian C. Frontino
Stroock & Stroock & Lavan LLP
200 South Biscayne Boulevard, Suite 3100
Miami, Florida 33131
Phone: (305) 358-9900
Fax: (305) 789-9302
bfrontino@stroock.com

DATED: June 4, 2021                                     Respectfully submitted,

*/s/ Mohammed O. Badwan*                                */s/ Brian C. Frontino*

Mohammed O. Badwan                                      Brian C. Frontino
Sulaiman Law Group, Ltd.                                Stroock Stroock Lavan LLP
2500 South Highland Avenue                              200 S. Biscayne Blvd.
Suite 200                                               Suite 3100
Lombard, Illinois 60148                                 Miami, FL 33131
(630) 575-8180                                          (305) 789-9300
mbadwan@sulaimanlaw.com                                 bfrontino@stroock.com
*Counsel for Plaintiff*                                 *Counsel for Defendant*

# CERTIFICATE OF SERVICE

This is to certify that on June 4, 2021, a copy of the foregoing JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE was served via CM/ECF filing:

Mohammed O. Badwan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
*Counsel for Plaintiff*

*/s/ Brian C. Frontino*
Brian C. Frontino